UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUCAS AND KANDIS BELL,<br><br>  Plaintiff,<br><br>vs.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>  Defendant | CIVIL ACTION NO.<br>4:22-cv-00166 |

## **DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Defendant") gives notice and hereby removes this action from the 11th District Court, Harris County Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### I. BACKGROUND

1. On August 2, 2021, Plaintiffs, Lucas and Kandis Bell (hereinafter referred to as "Plaintiffs") filed Plaintiffs' Original Petition (hereinafter referred to as "Petition") in Harris County, Texas, under *Cause No. 2021-46916; Lucas and Kandis Bell v. Allstate Vehicle and Property Insurance Company and Kerry Allison Jones; in the 11th District Court, Harris County, Texas* (hereinafter referred to as the "State Court Action."

2. Plaintiffs' claims relate to real property located at 18711 Rolling Shores Court, Humble, Texas 77346.

1

3.      In Plaintiffs' original petition, Plaintiffs assert claims for breach of contract, violations of the Texas Insurance Code against Allstate for Allstate's alleged failure to compensate Plaintiffs for losses sustained from a storm.

4.      On November 9, 2021, Allstate elected legal responsibility for Defendant Kerry Allison Jones by filing a notice in the State Court Action pursuant to section 542A.006 of the Texas Insurance Code (**Exhibit H**).

5.      On January 12, 2022, Defendant Kerry Allison Jones was dismissed from the State Court Action (**Exhibit H**).

6.      Upon dismissal of Defendant Kerry Allison Jones, Allstate removes this matter to this Court. This Notice of Removal is being filed within one year of commencement of this action, and within thirty days of service, as well as within thirty days of the state court's dismissal of Defendant Kerry Allison Jones from the state court lawsuit.

7.      Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action.

## II. PROCEDURAL REQUIREMENTS

8.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *see also* 28 USC §124(b)(2).

9.      Pursuant to LR 81, attached hereto is **Exhibit A**, **Index of Matters**. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibits B, and C**, and incorporated by reference are a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served.

10. Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

11. Included in this filing are Defendant's Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E)** and a List of All Counsel of Record (**Exhibit F**).

### III. BASIS FOR REMOVAL

12. Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

#### A. Diversity of the Parties

13. Plaintiffs are and were at the time the lawsuit was filed, natural persons and residents of Harris County in the State of Texas and thus, a citizen of the State of Texas. *See* Plaintiffs' Original Petition, ¶ 2. Upon information and belief, Plaintiffs intend to continue residing in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

14. Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

15. Additionally, per the order signed in the State Court Action, Defendant Kerry Jones was dismissed under section 542A.006 of the Texas Insurance Code. This statutory election is final, cannot be reversed, and constitutes a separate event that allows for the removal of this matter to

this Court. *See Hoyt v. Lane Constr.*, 927 F.3d 287, 296 (5th Cir. 2019); *see also S.W.S. Erectors v. Infax, Inc.*, 72 D.3d 489, 492 (5th Cir. 1996). Therefore, complete diversity exists between the Parties.

### B. Amount in Controversy

16. In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

17. The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL

1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

18. The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiffs' insurance claim under a home insurance policy issued by Defendant Allstate. In Plaintiffs' 542A demand, Plaintiffs demanded payment of $81,294.87 (**Exhibit G**). Accordingly, the actual amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant removes the State Court Action from the 11th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LISA CHASTAIN & ASSOCIATES

**KIMBERLY N. BLUM**
TBN: 24092148
811 Louisiana, Suite 2400
Houston, TX  77002
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on this day of January 17, 2022.

Amanda Fulton
Robert House
Chad Wilson
Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
rhouse@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

                                  **KIMBERLY N. BLUM**